## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **JAMES DAVID HOCHSTETLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:23-cv-00028** |
| | ) | **Judge Aleta A. Trauger** |
| **CITY OF HENDERSONVILLE,** | ) | |
| **TENNESSEE** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM</u>

Before the court is the Motion to Dismiss filed by defendants the City of Hendersonville, Tennessee ("City"), Hendersonville Police Department ("HPD"), and Henderson Police Officer Steven Ray Wilson. (Doc. No. 12.) For the reasons set forth herein, the motion will be granted.

## I.    BACKGROUND

Plaintiff James David Hochstetler filed the Complaint initiating this lawsuit on January 12, 2023 against the City, the HPD, Wilson, and the Government of Sumner County, Tennessee ("County"). (Doc. No. 1.) According to the Complaint, Wilson and at least one other HPD officer arrived at Hochstetler's home on May 21, 2020 and, in the course of arresting him, attacked him, knocked him to the ground, used a Taser on him at least four times, and "shot him at point blank range, without sufficient provocation, reason or warning," causing life-threatening injuries. (Doc. No. 1, at 5.)

Based on Wilson's and the other officer's conduct during the arrest, the plaintiff asserts claims under 42 U.S.C. § 1983 for violations of his rights under the Fourth Amendment, for which he seeks actual, non-economic, and punitive damages. (*Id.* at 5–6.) He alleges that the officers

were at all times acting as "agents for the Defendants." (*Id.* at 6.) The plaintiff filed a Notice of Voluntary Nonsuit of his claim against the County on March 10, 2023 (Doc. No. 7), leaving intact only the claims against the other three defendants.

The court also takes judicial notice that a previous Complaint ("Original Complaint") was filed in this court on behalf of Hochstetler on May 28, 2021. *Hochstetler v. Sumner County*, 3:23-cv-00028 (M.D. Tenn.) (Doc. No. 1). The Original Complaint, which named as defendants only "Sumner County and the City of Hendersonville Including Their Police Department," alleged similar facts, except that it asserted that the incident took place "[o]n or about May 20, 2020" and involved "approximately four officers" from the HPD. (*Id.* ¶¶ 5–6.) Although Hochstetler's name was typed in the signature block at the conclusion of the Original Complaint, it was signed by Timothy O'Sullivan as "Power of Attorney for Plaintiff." (*Id.* at 3.) O'Sullivan did not purport to be a licensed attorney, however.

The docket reflects that no summonses were issued or served in connection with the Original Complaint. Instead, within sixty days after the filing of the Original Complaint, the court issued an Order directing the plaintiff to file a personally signed amended pleading within thirty days. The Order explained that Rule 11 requires that every pleading be signed by an attorney of record or by the party personally. *Hochstetler*, 3:23-cv-00028 (M.D. Tenn. July 23, 2021) (Order, Doc. No. 4). Hochstetler thereafter requested several extensions of that deadline, but he never filed an amended pleading. Finally, on January 13, 2022, the court dismissed the Complaint without prejudice, based on the plaintiff's failure to file a properly signed pleading or to comply with the court's Orders. *Hochstetler*, 3:23-cv-00028 (M.D. Tenn. Jan. 13, 2022) (Order, Doc. No. 11).

In response to the filing of the current Complaint, the City, HPD, and Wilson filed their Motion to Dismiss under Rule 12(b)(6), arguing that the current Complaint is time-barred, having

been filed outside the applicable one-year statute of limitations, and that it is not saved by Tennessee's savings statute, because (1) the Original Complaint itself was filed outside the limitations period; (2) the Original Complaint was not effective to "commence" an action, since the plaintiff never signed it, so it could not operate to toll the statute of limitations under the State's saving statute; (3) the filing of the Original Complaint did not operate to extend the statute of limitations, because process was never issued and the Original Complaint was never served on the defendants; (4) equitable tolling does not save the filing in this case; (6) as to defendant Wilson, the filing of the present Complaint does not relate back to the filing of the Original Complaint, for purposes of the statute of limitations, because Wilson was not named in the Original Complaint; and (7) the claims against the HPD must be dismissed, because the HPD is not a suable entity within the meaning of 42 U.S.C. § 1983.

The plaintiff argues in his Response to the Motion to Dismiss that the court should exercise its discretion to equitably toll the statute of limitations, because (1) the plaintiff (who is represented by counsel in this case) has been "diligent in pursuing his rights *pro se*"; (2) the defendants would suffer no prejudice from the tolling; and (3) the plaintiff's *pro se* status and ignorance of the statute of limitations excuse his failure to file the Original Complaint by or before May 21, 2021, to include Wilson as a defendant, or to issue process.

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(6) and the Statute of Limitations

In ruling on a motion to dismiss under Civil Rule 12(b)(6), the court must "accept all allegations in the complaint as true and determine whether the allegations plausibly state a claim for relief." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). The statute of limitations is an affirmative defense, Fed. R. Civ. P. 8(c), and a plaintiff generally does not need to plead facts to avoid the application of affirmative defenses in order to state a valid claim. *Cataldo*, 676 F.3d

at 547 (citing Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim "); *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Thus, as the Sixth Circuit has explained, "a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Id.* At the same time, however, when the allegations in the complaint affirmatively show that the claim is time-barred, dismissal under Rule 12(b)(6) may be appropriate. *Id.* (citing *Jones*, 549 U.S. at 215).

### B. Statute of Limitations for Section 1983 Claims

The statute of limitations for claims under § 1983 is supplied by the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "Not only the length of the limitations period, but also 'closely related questions of tolling and application' thus are 'governed by state law,'" *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (quoting *Wilson v. Garcia*, 471 U.S. 261, 269 (1985)), "as long as that law is not inconsistent with federal law," *Hardin v. Straub*, 490 U.S. 536, 538 (1989) (citations omitted). Federal law determines when the limitations period begins to run. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

In Tennessee, the relevant limitations period is one year. Tenn. Code Ann. § 28-3-104(a)(1); *Roberson*, 399 F.3d at 794; *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). The limitations period begins to run when a plaintiff "knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Roberson*, 399 F.3d at 794 (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

### C. The Commencement of an Action and Tennessee's Saving Statute

Tennessee's "saving statute" provides that:

> If [an] action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, . . . the plaintiff [may] commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105.

Under both the federal and state procedural rules, an action is "commenced by filing a complaint." Fed. R. Civ. P. 3; Tenn. R. Civ. P. 3. Tennessee's rule further provides:

> An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3.

## III. DISCUSSION

There is no dispute in this case that the allegations in the Complaint affirmatively show that the § 1983 claim is time-barred. The plaintiff incurred his injuries on May 21, 2020, and he was clearly aware that he had incurred such injuries and how he incurred them. His claim under § 1983, therefore, accrued that day. The Complaint was filed on January 12, 2023, more than two and one-half years after the accrual of the cause of action and more than one and one-half years after the statute of limitations expired. The only question posed here is whether the plaintiff has proffered some legitimate basis for tolling or extending the statute of limitations.

As an initial matter, it is clear that the Original Complaint, filed on May 28, 2021, was also untimely, as it was filed seven days after the limitations period expired. As a result, the filing of that pleading does not satisfy Tennessee's saving statute, which extends the applicable statute for an additional year following a dismissal without prejudice, but only, as set forth above, if the

original complaint was filed "within the time limited by a rule or statute of limitation." Tenn. Code Ann. § 28-1-105.

Further, even if the court were to presume that the plaintiff is entitled to equitable tolling for purposes of extending the limitations period by a week, thus making the Original Complaint timely, process was never issued or served in that case. As set forth above, if no process is issued or served in connection with the filing of an initial complaint, "the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process . . . within one year of the filing of the [first] complaint." Tenn. R. Civ. P. 3. Thus, even assuming the Original Complaint was subject to equitable tolling and therefore deemed timely, the present Complaint, to be timely, would have had to have been filed (and process issued) by May 28, 2022. It was not. *See Dolan v. United States*, 514 F.3d 587, 596 (6th Cir. 2008) (applying Tenn. R. Civ. P. 3 to untimely *Bivens* claim).

The plaintiff here argues only that the court should apply equitable tolling, because he has "been diligent in pursuing his rights *pro se*." (Doc. No. 16, at 2.) He claims that, "[f]rom attempting to initiate this suit[] through his power of attorney until present, Plaintiff did not give up pursuit of his rights and diligently tried to secure legal counsel in the year following the dismissal of the original action without prejudice." (*Id.*) He further asserts that the delayed filing would not prejudice the defendants, because they have been aware of the May 21, 2020 incident since it happened. Finally, he claims that, as a *pro se* litigant, he was ignorant of the statute of limitations and of the requirement that he obtain and serve process and did not even know "which defendants to sue." (*Id.* at 3.)

The Tennessee Supreme Court has "declined to recognize the doctrine of equitable tolling in civil cases." *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 460 (Tenn.

2012).[1] Because Tennessee law in this regard is inconsistent with federal law, several courts have applied federal principles of equitable tolling in § 1983 cases arising in Tennessee. *See, e.g.*, *Zelaya v. Hammer*, No. 3:19-CV-62, 2022 WL 16757083, at *7 (E.D. Tenn. Jan. 26, 2022); *Pike v. United States*, 868 F. Supp. 2d 667, 683 (M.D. Tenn. 2012).

"The federal courts sparingly bestow equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560–61 (citations omitted). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561 (citation omitted); *see also Johnson v. U.S. Postal Serv.*, 64 F.3d 233, 238 (6th Cir. 1995) (noting that "garden variety neglect" cannot be excused by equitable tolling (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

The Sixth Circuit has identified five factors to consider in determining whether equitable tolling is appropriate:

> (1) lack of notice of the filing requirement, (2) lack of constructive knowledge of the filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the defendant, and (5) the plaintiff's reasonableness i[n] remaining ignorant of the particular legal requirement.

*Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). This list is not comprehensive, and not all of the "considerations [will] be material in all cases." *Graham-Humphreys*, 209 F.3d at 561. Moreover, the Sixth Circuit has

---

[1] Tennessee law does recognize tolling based on equitable estoppel and fraudulent concealment, both of which require some affirmative action on the part of the defendant. *See Redwing*, 363 S.W.3d at 460–62. The plaintiff does not allege any facts suggesting that either of these doctrines would apply.

repeatedly recognized that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Id.* (citation omitted).

Equitable tolling is not warranted in this case. Despite the fact that the Complaint is clearly facially time-barred, the plaintiff does not allege any facts that would establish that any of the *Truitt* factors applies. He simply claims now that he was diligent but ignorant. As for diligence, the record establishes that the plaintiff was *not* diligent. In fact, he lacked diligence at several junctures. The Original Complaint was untimely and unsigned, and the plaintiff never filed a signed pleading, despite the court's giving him ample opportunity to do so. If he had corrected the original filing, the court would have alerted him to the necessity of issuing process to serve the defendants. Because process in the first case was never issued or served, the current Complaint is not saved by the Tennessee saving statute. Moreover, the plaintiff did not attempt to refile suit within one year of the filing of the Original Complaint. Thus, even if equitable tolling might have saved the Original Complaint, the present Complaint would still be untimely.

The fact that the plaintiff was apparently incarcerated at the time he filed the Original Complaint may arguably qualify as a circumstance beyond his control, but incarceration *per se* does not operate as a bar to pursuing litigation. Incarcerated litigants file suit all the time. Likewise, the plaintiff's apparent inability to procure an attorney may qualify as a circumstance beyond his control, but nothing prevented the plaintiff from filing *pro se* in a timely fashion. As for his purported ignorance of the filing deadline, he was aware of his claim and apparently attempted to file suit initially within one year of the incident giving rise to his claim, suggesting that he was aware of the limitations period and could have inquired further. Regardless, as set forth above, ignorance of the law, standing alone, is not a sufficient basis for tolling the statute of limitations. Finally, even if ignorance and circumstances beyond his control might have warranted extending

the initial limitations period, to make the Original Complaint timely, the plaintiff offers nothing to excuse the lack of diligence in filing the present Complaint one and one-half years *after* his first unsuccessful attempt.

As for the plaintiff's claim that the defendant would not be prejudiced by equitable tolling, "absence of prejudice is . . . is not an independent basis for invoking the doctrine." *Andrews*, 851 F.2d at 151 (quoting *Baldwin Cty. Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). Rather, the issue of prejudice is "immaterial," unless some "other factor supports the plaintiff's equitable tolling posture." *Graham-Humphreys*, 209 F.3d at 562 n.12. No other factor supports equitable tolling, so the lack of prejudice to the defendants, standing alone, would not warrant tolling. In addition, irrespective of whether the defendants knew about the *event* that forms the basis for the plaintiff's claim, there is no suggestion in the record that the defendants had notice of the lawsuit or the plaintiff's intention to file a lawsuit until service of process in this case, since they were never served with the Original Complaint. Because "[s]tatutes of limitations are primarily designed to assure fairness to defendants," *Burnett v. N.Y. Cent. R. Co.*, 380 U.S. 424, 428 (1965), it would not be unfair to presume some measure of prejudice to the defendants arising from being served with a lawsuit more than twenty months after the expiration of the applicable statute of limitations and without having received prior notice.[2]

In sum, this lawsuit is time-barred, and the plaintiff has not shown that equitable tolling saves it. The court further notes, however, that, even if there *were* some basis for equitable tolling, the present lawsuit would still be subject to dismissal. First, as the defendants argue, defendant

---

[2] As the Supreme Court recognized many years ago, "[t]he policy of statutes of limitation is to encourage promptness in the bringing of actions, that the parties shall not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents, or failure of memory." *Missouri, K. & T.R. Co. v. Harriman Bros.*, 227 U.S. 657, 672 (1913).

Wilson was not identified in the Original Complaint, and Rule 15(c) provides no basis for "relation back" of the Original Complaint as to him. The Sixth Circuit has clarified that Rule 15 allows relation back only in cases of "mistaken identity." *Zakora v. Chrisman,* 44 F.4th 452, 481–82 (6th Cir. 2022), c*ert. denied sub nom. Chrisman v. Est. of Zakora*, 143 S. Ct. 2608 (2023). "[N]aming previously unnamed defendants does not satisfy the mistaken identity prong of Rule 15(c)(1)(C)(ii) because a lack of knowledge as to the identity of a defendant does not constitute a 'mistake' within the meaning of the Rule." *Id.* (citation omitted). Consequently, even if the current lawsuit were timely based on Rule 3 and Tennessee's saving statute, it would still be untimely as to Wilson.

Second, the HPD is a "a non-juridical police department." *Lopez v. Foerster*, No. 20-2258, 2022 WL 910575, at *6 (6th Cir. Mar. 29, 2022) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). As such, it is not a proper defendant for purposes of § 1983. And finally, while claims based on the actions of the HPD may properly be brought against the City, *see id.*, the plaintiff has not alleged any facts implicating the City in any violation of his constitutional rights. Instead, he asserts only that the police officers were "agents" of the City. (Doc. No. 1, at 6.) But the law is clear that a municipality may not be sued under § 1983 based on the actions of its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a local government may be "responsible under § 1983" where the "execution of a government's policy or custom" inflicts the plaintiff's injury. *Id.* That is, a plaintiff must "adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." *Bright v. Gallia Cty.*, 753 F.3d 639, 660 (6th Cir. 2014). The plaintiff has alleged no such facts suggesting that the violation of his rights occurred because of a municipal policy or custom. Accordingly, even if the

Complaint were not entirely barred by the statute of limitations, it also fails to state a colorable claim on the merits against the City.

**IV.    CONCLUSION**

The Complaint is barred by the one-year statute of limitations, and the plaintiff pleads no facts that would establish that equitable tolling might be appropriate. The defendants' Motion to Dismiss (Doc. No. 12), therefore, will be granted.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge